J-S21009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AZIM WRIGHT, | |
| Appellant | No. 1466 EDA 2015 |

Appeal from the PCRA Order Entered March 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1201301-1997

BEFORE: BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.: **FILED APRIL 26, 2016**

Appellant, Azim Wright, appeals *pro se* from the post-conviction court's March 30, 2015 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we are compelled to affirm.

On June 6, 2000, a jury convicted Appellant of attempted murder, aggravated assault, and possessing an instrument of crime. Appellant's convictions stemmed from his shooting the victim, Richard DeJesus, after he and DeJesus were involved in a motor vehicle accident in Philadelphia on July 11, 1997. Appellant was sentenced on September 5, 2000, to a term of 20 to 40 years' for the attempted murder conviction. No further penalty was

_____

[*] Former Justice specially assigned to the Superior Court.

imposed for Appellant's remaining offenses. Appellant filed a timely direct appeal and, after this Court affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal. ***Commonwealth v. Wright***, 797 A.2d 377 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 803 A.2d 735 (Pa. 2002).

On March 19, 2004, Appellant filed his first, *pro se* PCRA petition. Counsel was appointed, but subsequently filed a petition to withdraw and a ***Turner/Finley***[1] 'no-merit' letter. The court granted counsel's request to withdraw, and on June 9, 2005, Appellant filed a *pro so*, supplemental petition. The PCRA court issued an order on August 17, 2005, denying Appellant's petition as being untimely. He did not file an appeal with this Court.

On July 17, 2014, Appellant filed a second, *pro se* PCRA petition, which underlies the present appeal. On January 5, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition. Twenty-three days later, Appellant filed a motion asking for an extension of time to file a response to the Rule 907 notice. The court did not rule on that motion, and Appellant did not file any response to the Rule 907 notice. On March 30, 2015, the court issued an order denying Appellant's petition as untimely.

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

However, the trial court's docket indicates that Appellant was not served with notice of the order denying his petition until April 16, 2015, giving him until May 16, 2015, to file a timely notice of appeal. Appellant filed a timely, *pro se* notice of appeal on May 1, 2015. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, but the court did file a Rule 1925(a) opinion on July 2, 2015.

Herein, Appellant presents three issues for our review:

A. Whether the [PCRA court] committed reversible error when [the] court dismissed Appellant['s] PCRA petition as untimely?

B. Whether the [PCRA] court … committed an abuse[] of discretion when [the] PCRA court deemed Appellant['s] response to the Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, as untimely?

C. Whether the PCRA court committed an abuse of discretion when said court erroneously dismissed Appellant['s] invocation of actual innocence … pursuant to [n]ewly [d]iscovered evidence, and facts unknown?

Appellant's Brief at 6.

Initially, in the argument in support of Appellant's second issue, he contends that his notice of appeal to this Court was timely filed.[2] After

---

[2] Despite Appellant's mentioning the court's Rule 907 notice in his statement of the issue, at no point in his argument does he challenge the court's failure to rule on his motion for an extension of time to file a response to the Rule 907 notice, nor indicate what he would have raised in such a response, had an extension been granted. Instead, his argument pertains only to the timeliness of his notice of appeal.

reviewing the trial court's docket, and for the reasons stated *supra*, we agree; thus, we need not consider this issue any further.

Before addressing Appellant's remaining two issues, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by assessing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on September 2, 2002, ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court). Accordingly, Appellant's July 17, 2014 petition is patently untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

In the petition, Appellant argued that he meets the 'new facts' exception of section 9545(b)(1)(ii) based on a letter he received, that was purportedly drafted by a man named Harry Bernard, and sent to a man named Matthew Garcia. In the letter, attached to the petition as "Exhibit A,"

Bernard states that he shot "that" man, and that Appellant had "nothing to do with it…." **See** PCRA Petition, 7/17/14, at "Exhibit A." Appellant claimed in his PCRA petition that this letter proved that both Bernard and Garcia (to whom the letter was sent) were the actual perpetrators of the shooting. Appellant maintained that he is innocent of the crime, and that Bernard's letter confirms that fact. Accordingly, Appellant argued that Bernard's letter satisfied the timeliness exception of section 9545(b)(1)(ii).

The PCRA court disagreed, reasoning:

> Preliminarily, the attached letter does not clearly convey the facts that [Appellant] attributed to it. The letter lacks any specific designation of the incident in question such as date, location, or victim, but instead vaguely disassociates [Appellant] from a shooting that occurred years prior to [the letter's] composition.

> Even accepting [Appellant's] characterization of the letter's content, the facts were not unknown to him. [Appellant] claims that he was unaware of the identity of the perpetrators until he received the letter in June of 2014. **See** PCRA Petition, 7/1[7]/14 at 9. Contrary to his assertion, the alleged fact that [] Garcia and his cohorts shot the victim is not new. [Appellant] attributed the shooting to [] Garcia's coterie in a prior PCRA petition. **See** PCRA petition, 6/9/05 at 6. [Appellant] even admitted that "he personally knew of this newly and after-discovered witness…." **See** PCRA Petition, defendant's unsworn certification, 7/17/14 at 3. Although the letter may constitute a new conduit for this information, it merely iterates previously known facts.

> Finally, even assuming that the information contained in the letter constituted new facts, [Appellant] failed to demonstrate that such facts were previously unascertainable with the exercise of due diligence. [Appellant] has exhibited a

detailed familiarity with the shooting, including knowledge of [] Garcia['s] and [Bernard's][3] respective roles. **See** PCRA petition, 6/9/2005 at 6. More importantly, he was aware of [] Garcia's housing location in 2005. **Id.** Despite possessing contact information, [Appellant] failed to articulate any efforts to communicate with [] Garcia to explore his culpability and identify accomplices such as [] Bernard. [Appellant] failed to explain in the alternative why such measures would have been unsuccessful. Given these deficiencies, [Appellant] has failed to satisfy his burden under section 9545(b)(1)(ii).

PCO at 4-5.

After thoroughly reviewing Appellant's petition, including all the attachments thereto, as well as the record and the briefs of the parties, we are compelled to agree with the PCRA court that Appellant failed to plead sufficient facts to establish the due diligence requirement of section 9545(b)(1)(ii).[4]

_____

[3] The court refers to Bernard as "Amir Wallace." PCRA Court Opinion (PCO), 7/2/15, at 5. According to Appellant, "Amir Wallace" is an alias used by Harry Bernard. **See** Appellant's Brief at 20.

[4] In light of this conclusion, we need not rule on the PCRA court's determination that Bernard's letter was insufficient to satisfy the 'new fact' requirement of section 9545(b)(1)(ii) because it was only a new source of a previously known fact. **See Commonwealth v. Edmiston**, 65 A.3d 339, 352 (Pa. 2013) (stating that to satisfy section 9545(b)(1)(ii), the facts "must not be facts that were previously unknown but are now presented through a newly discovered source"). However, we point out that, contrary to the PCRA court's interpretation of Appellant's claim, the new fact Appellant presented in his petition was *not* simply that Garcia and Bernard committed the crime. Instead, the new fact Appellant asserted was that Garcia and Bernard were now *willing to admit* their guilt for the crime. **See** PCRA Petition, 7/17/14, at 9 (asserting that the 'new fact' he discovered due to Bernard's letter was that Garcia and Bernard "*would be willing to come forward* and provide [Appellant] with crucial and exculpatory material evidence") (emphasis added). Thus, while we do not expressly rule on this
*(Footnote Continued Next Page)*

In Appellant's petition, he made two references to why he could not have discovered earlier the new fact of Bernard's and Garcia's willingness to admit their culpability for the shooting of Richard DeJesus. First, Appellant stated:

> [Appellant] in the instant petition for [PCRA] relief alleges that facts upon which this instant petition and claim is based are/were unknown to him **at the time of trial** and that these facts could not have been ascertained **during trial** by the exercise of due diligence. The allegations herein the instant []PCRA petition are entirely based on the statements of witnesses who could not be found **at the time of trial**, [] nor was [Appellant] ever made aware as to those persons responsible for the allege[d] crimes until [Appellant] had received "exculpatory" evidence by way of [the] letter written to [Appellant] apprising him of [Garcia's and Bernard's] willingness to come forward and to clear [Appellant's] wrongful conviction.

PCRA Petition, 7/17/14, at 4 (emphasis added). Later in the petition, Appellant averred:

> In the instant case, [Appellant] did not know that two (2) crucial and exculpatory witnesses (actual suspects) Matthew Garcia and Harry Bernard would be willing to come forward and provide [Appellant] with crucial and exculpatory material evidence in support of [Appellant's] protestation of his actual innocence **at the time of his arrest and throughout his trial proceedings**….
>
> On and around the time of [Appellant's] **arrest and conviction**, the said-named exculpatory witnesses and actual suspects had never revealed their personal knowledge and involvement of [the] wrongful conviction of [Appellant] and had in its "Exhibits" and own words revealed that they had each been feeling sorry for not coming forth sooner….

*(Footnote Continued)* ─────────────

issue, the record does not seem to support the PCRA's determination that Appellant failed to plead a 'new fact' to satisfy section 9545(b)(1)(ii).

PCRA Petition, 7/17/14, at 9 (emphasis added).

As the above-emphasized language makes clear, in Appellant's petition, he essentially claimed that *at the time of his arrest and trial*, he did not know about (and could not have discovered) Bernard and Garcia, or obtained their admissions of guilt. He further alleged that he did not discover that Garcia and Bernard were the perpetrators of the shooting until receiving Bernard's letter in 2014.

However, as the PCRA court points out, in Appellant's first PCRA petition filed in 2005, he certified that Matthew Garcia would testify at a PCRA hearing, and claimed that Garcia would state that "[h]e shot Richard DeJesus after they [*sic*] cars collided in which Amir Wallace[, a.k.a. Harry Bernard,] was the driver." PCRA Petition, 6/9/05, at 6. Appellant also listed Garcia's address in that petition. *Id.* Therefore, Appellant's first PCRA petition demonstrates that in 2005, he not only *knew about* Garcia and Bernard, but he also *suspected* that Garcia and Bernard were the perpetrators of the crime, and that he had an address where he believed Garcia could be located. Nevertheless, Appellant did not explain in the instant, 2014 PCRA petition, what efforts he made between 2005 and 2014 to obtain Garcia's and/or Bernard's admission, or why such efforts would have been futile.[5]

---

[5] Appellant does offer an explanation in this regard in his appellate brief. Essentially, he claims that in June of 2005, he became acquainted with
*(Footnote Continued Next Page)*

Because the record supports the PCRA court's determination that Appellant failed to plead and prove that he acted with due diligence in discovering that Garcia and Bernard are willing to admit their culpability for the shooting, we are compelled to agree with the court that Appellant did not satisfy the timeliness exception of section 9545(b)(1)(ii). Therefore, we affirm the PCRA court's order denying Appellant's petition as untimely.

Order affirmed.

_(Footnote Continued)_ ───────────────

Garcia when they were incarcerated in the same prison. **See** Appellant's Brief at 25. After Appellant "pressed" Garcia to confess, Garcia agreed, but stated that he would have to first find out if Bernard was "okay with it" because Garcia "didn't want to do nothing [*sic*] behind [] Bernard['s] back…." **Id.** at 25-26. Appellant, however, did not wait until Garcia could contact Bernard – instead, Appellant filed his June 9, 2005 PCRA petition, averring that Garcia was now willing to confess to the shooting. **Id.** at 26. Appellant explains that when he informed Garcia that he had filed that petition, Garcia "became irate, due to [Garcia's] being unable to consult with [] Bernard, first, and thus [Garcia] threaten[ed] to invoke his fifth amendment right to remain silent if he was questioned by any authority figure." **Id.** at 26-27. Appellant maintains that he "was unable to get [] Garcia[] to further discuss the case" until Bernard wrote the letter to Garcia in 2014, which prompted Appellant to file the present petition. **Id.** at 27.

Unfortunately, Appellant did not state, or even allude to, any of these facts in his 2014 petition or attachments thereto; consequently, we cannot rely on them to reverse the PCRA court's decision that Appellant failed to demonstrate due diligence. **See** Pa.R.A.P. 302(a) ("Issues not raised before the lower court are waived and cannot be raised for the first time on appeal."); **Commonwealth v. Lambert**, 797 A.2d 232, 241 (Pa. 2001) (citing Rule 302(a) in finding claims that "were not raised in [the] appellant's PCRA petition … are waived for that distinct reason").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/2016</u>